## Morgantown Deposit Bank v. Butler County Board of Education.

(Decided October 4, 1927.)

### Appeal from Butler Circuit Court.

1. Mandamus.—Where plaintiff, claiming to have been the highest bidder for appointment as school treasurer, as provided by Ky. Stats., Supp. 1924, sec. 4399a-2a, sought by mandamus petition to compel the board of education to install him in such position, petition held specially demurrable where the then serving treasurer was not made a party to the suit.

2. Mandamus.—Where, in plaintiff's mandamus suit against a board of education to compel the board to appoint plaintiff as school treasurer, the petition was held demurrable because the then existing treasurer was not made a party defendant, the trial court should have permitted plaintiff to make such treasurer a party.

E. N. MAYHUGH and JOHN D. RODES for appellant.

A. J. BRATCHER and G. V. WILLIS for appellees.

OPINION OF THE COURT BY JUDGE McCANDLESS—Reversing.

In a suit in the Butler circuit court the Morgantown Deposit Bank sought a mandamus against the board of education of that county requiring it to accept the plaintiff's bond and appoint it treasurer of the school funds of that county. It being alleged that on the —— day of May, 1926, pursuant to notice duly given, the board of education submitted the position of treasurer of the school funds of that county to competitive bidding, under

the provisions of section 4399a-2a, Ky. Stats., Supp. 1924 (Session Acts 1922, c. 39); that it was the highest and best bidder, and executed two bonds in the sum of $10,000 each, the amount required therefor, both of which were approved by the county judge of Butler county; but the board arbitrarily refused to so declare and appointed the lowest bidder, the John M. Carson Banking Company, as such treasurer.

The steps taken are set out with particularity, and copies of the orders are filed as exhibits. The county board of education filed special and general demurrers to the petition, both of which were sustained by the court, and the plaintiff declining to plead further, its petition was dismissed and it has appealed. The ruling of the court in sustaining the special demurrer was proper as the John M. Carson Banking Company was not made a party defendant, but the court should have permitted it to be made a party. Inasmuch as the latter bank is not before the court, we will not now pass upon the sufficiency of the petition, but in order that this question may be raised regularly on a return of the case the court will set aside the order sustaining the general demurrer and permit it to be refiled after it has all of the parties before it. Of course, if plaintiff declines to make the John M. Carson Banking Company a party defendant, its petition will be dismissed without prejudice.

Wherefore the judgment is reversed and cause remanded for proceedings consistent with this opinion.